SECURITY MILLS LIMITED PARTNERSHIP vs.
BOARD OF APPEALS OF NEWTON & others.[1]

Suffolk. February 4, 1992. - October 20, 1992.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

Zoning, Board of appeals: decision.

A city's board of appeals satisfied the requirement of G. L. c. 40A, § 15,
that it set forth "the reason" for its decision, where the board's state-
ment showed that four of its five members concurred in nullifying a
certain building permit on the ground that the permit holder had not
commenced construction within the time allowed by the city's special
permit granting authority, even though the members of the board
reached that conclusion by divergent reasoning; however, where it ap-
peared that at least one member had based his or her vote on a clearly
erroneous ground, the decision did not have the votes of the super-
majority required by § 15, and could not stand. [566-568] LYNCH, J.,
with whom LIACOS, C.J., joined, concurring.

CIVIL ACTION commenced in the Land Court Department
on November 21, 1990.

The case was heard by *Marilyn M. Sullivan*, J., on a mo-
tion for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Laura W. Brock*, Assistant City Solicitor, for Board of Ap-
peals of Newton.

*Thomas M. Sobol* for the plaintiff.

O'CONNOR, J. The plaintiff owns a 147,000 square foot
parcel of land in the city of Newton. On November 2, 1987,
the board of aldermen of Newton (aldermen) approved the
plaintiff's site plan and request for a special permit for the
demolition of existing structures and the construction of an

---

[1]Rachel Adler-Golden and Steven Adler-Golden.

413 Mass. 562                                                      563

Security Mills Limited Partnership *v.* Board of Appeals of Newton.

eighty-four unit multi-family housing development on that land. On November 24, 1987, after the expiration of the appeal period without an appeal having been taken, the city clerk issued a notice of the special permit. The special permit contained specified conditions including the following: "That this Special Permit and Site Plan Approval be exercised within a period of one year from the date of approval of this Board Order. Within this Board Order the Term 'exercise' shall mean the commencement of construction which necessitate[s] the issuance of a Building Permit. The construction on the Land shall be continuous, and not 'phased.' Within this Board Order the term continuous shall mean construction until completion of all buildings, subject to unavoidable interruptions by weather, Acts of God, and the like."

On May 11, 1988, the plaintiff notified the Department of Environmental Protection of oil contamination from underground storage tanks at the site, and thereafter cleanup was undertaken. On June 9, 1988, the Newton fire department notified the plaintiff that the plaintiff's emergency access plan was not acceptable. The special permit required fire department approval as a prerequisite to the issuance of a building permit. Although the record is not entirely clear, the plaintiff asserts, and the defendants do not dispute, that on March 27, 1990, a basic agreement was reached between the plaintiff and the Newton fire department regarding emergency access issues. In the meanwhile, on October 18, 1988, the Newton commissioner of inspectional services (building inspector) issued the plaintiff a building permit for construction of a foundation, and one week later the foundation work began.

The plaintiff applied for another building permit for construction of "Building D," on June 8, 1990, and the building inspector issued that permit on August 14, 1990. On August 16, the defendant abutters appealed to the board of appeals of Newton (board) as authorized by G. L. c. 40A, §§ 8 and 14 (1) (1990 ed.), and the board held a hearing the following month.

The board, with four members participating, unanimously "approved" the appeal. If, contrary to the plaintiff's contention, that approval was lawful, it had the effect of nullifying the building permit that had been issued on August 14. The board's decision states, "Although a consensus was not reached among the members, various reasons for the approval were stated as follows:

"1.   That construction as required by the Special Permit did not begin prior to the expiration of the one year requirement of the [aldermen's] Order.

"2.   Tolling of the time within which to exercise the Special Permit occurred between June 9, 1988 [when the fire department notified the plaintiff that the emergency access plan was not acceptable] and March 27, 1990 [when the plaintiff and the fire department came to an agreement].

"3.   The Partnership [plaintiff] did not proceed with due diligence, after receipt of the waiver Approval [from the Department of Environmental Protection] on May 6, 1989, to commence the cleanup of the contaminated soil until June of 1990 and, therefore, that period of time cannot be counted as tolling the time within which to exercise the Special Permit."

The plaintiff appealed from the board's decision to the Land Court pursuant to G. L. c. 40A, § 17 (1990 ed.). The plaintiff's complaint contains three counts. Count I, characterized therein as a "Procedural Appeal," asserts that the board "failed to reach a decision and conclusion" because it had not come to a consensus "as to any reason for its revocation of the building permit for Building D" nor had it set forth clearly "the reason for its decision." Count II, termed "Substantive Appeal under G. L. c. 40A, § 17," alleged among other things that the board's decision "exceeds [its] authority" because "[a]s a matter of law, the procurement of, and commencement of work under, the March 1988

building permit for demolition and the October 1988 building permit for a foundation satisfied the one-year exercise period set forth in the Special Permit." In Count III, the plaintiff asserts its right to relief under G. L. c. 240, § 14A, "[i]f relief is not granted under Counts I or II." In view of our holding in this case, we need not further describe Count III.

The plaintiff moved for summary judgment on Counts I and II. A judge in the Land Court, addressing the motion only as to Count I, allowed the motion. In an explanatory memorandum, the judge focused on the language in G. L. c. 40A, § 15, requiring that "[t]he concurring vote of four members of a board [of appeals] consisting of five members . . . shall be necessary to reverse any order or decision of any administrative official under this chapter." She focused also on the provision that "[t]he board shall cause to be made a detailed record of its proceedings, indicating the vote of each member upon each question . . . and setting forth clearly the reason for its decision and of its official actions." The judge concluded that "the statute clearly requires that the Board set forth the reason for its decision, and this the Newton Board was unable to do since there was no reason on which the four members agreed. Accordingly the Board reached no decision and should have dismissed the appeal." Based on that reasoning, the Land Court judge annulled the decision of the board and dismissed the defendant abutters' appeal to the board. The judge neither reached the plaintiff's contentions with respect to Count II nor a second argument the plaintiff had advanced in reference to Count I, that the board's decision was fatally flawed because it is apparent that at least one of the board members based his vote on a clearly erroneous ground.

The board and the abutters appealed from the judgment entered in the Land Court and the failure of the Land Court judge to order judgment in their favor. We transferred the appeal here on our own initiative. We now affirm the judgment entered in the Land Court, although our reasoning differs from that of the judge.

In response to a plaintiff's motion for summary judgment, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). Here, all parties have moved for summary judgment. They agree, as do we, that, with respect to Count I, there is no genuine issue of material fact. The resolution of this case depends solely on the answers to questions of law. We agree with the defendants that the provision in G. L. c. 40A, § 15, requiring a concurring vote of four members of a board of appeals consisting of five members means only that four members must agree on the result. Agreement as to reasoning is not required by that provision. On the other hand, we agree with the Land Court judge that § 15's requirement that the board clearly set forth "the reason" for its decision means that four board members must agree on why they have reached a particular result. Unlike the judge, however, we are satisfied that the board's decision in this case did make clear that the board approved the abutters' appeal, thereby nullifying the building permit issued on August 14, 1990, because, in the four members' view, the plaintiff did not "exercise" the special permit within the time required thereby. The word "exercise" in the board's decision should be construed as having the same meaning given to it by definition in the special permit, that is, "the commencement of construction which necessitate[s] the issuance of a Building Permit." The decision shows that there was agreement among the four board members that construction was not commenced within the time required by the special permit. The decision sets forth the members' reasons in three numbered statements. Reason number "1" was that construction did not begin prior to the expiration of one year. Reason number "2" was that "[t]olling of the time within which to exercise the Special Permit" was, by implication, insufficient to permit construction to begin pursuant to the August 14, 1990, building permit, that is, tolling of

413 Mass. 562                                        567

Security Mills Limited Partnership *v.* Board of Appeals of Newton.

the time to commence construction was insufficient to satisfy the commencement of construction requirement. Reason number "3" simply expressed the view that much of the tolling period referred to in reason number "2" "cannot be counted as tolling the time within which to exercise the Special Permit [that is, the time within which to commence the construction requiring the August 14, 1990, building permit]." Since the members reached the conclusion that construction was not commenced within the time required by the special permit, it is inconsequential that they came to that conclusion via various routes. We think that our conclusion in this regard finds support in such cases as *Glover Realty, Inc.* v. *Board of Appeals of Swampscott,* 362 Mass. 890 (1973), *Shuman* v. *Aldermen of Newton,* 361 Mass. 758, 764-765 (1972), and *Shoppers' World, Inc.* v. *Beacon Terrace Realty, Inc.,* 353 Mass. 63, 67-68 (1967).

Our conclusion, contrary to that of the Land Court judge, that the board satisfied the requirements of G. L. c. 40A, § 15, with respect to concurrence and the setting forth of the board's reason for its decision, requires us to consider the plaintiff's further argument, in support of its motion for summary judgment on Count I, that the decision reveals that at least one of the four participating board members based his or her vote on a clearly erroneous ground. As the board's decision reveals, at least one member concluded that the running of the one-year commencement of construction period was tolled between June 9, 1988, when the Newton fire department notified the plaintiff that the plaintiff's emergency access plan was unacceptable, and March 27, 1990, when the plaintiff and the fire department reached an agreement. Subtracting that time, 656 days, from the period from November 24, 1987, when the special permit became effective, until August 16, 1990, when the abutters filed their appeal from the building inspector's issuance of the building permit for Building D, a total of 996 days, leaves 340 days, which is less than one year. The plaintiff correctly argues that the member or members who concluded that the tolling period was from June 9, 1988 to March 27, 1990, had to have committed a

mathematical error to conclude that the plaintiff had failed to commence construction within the 365 nontolled days allowed by the special permit. That miscalculation, the plaintiff argues and we agree, demonstrates beyond doubt that the abutters "failed to garner the requisite supermajority vote of members of the Board predicated on legally tenable grounds, and thus the Land Court [judge] acted properly [pursuant to G. L. c. 40A, § 17] by annulling the [d]ecision."[2]

*Judgment affirmed.*

LYNCH, J. (concurring, with whom Liacos, C.J., joins). I join in the court's conclusion in the second part of its opinion that at least one member of the board based his or her decision on a clearly erroneous ground. I do not agree that "the provision in G. L. c. 40A, § 15, requiring a concurring vote of four members of a board of appeals consisting of five members means *only* that four members must agree on the result" (emphasis supplied). *Ante* at 566. I do agree, however, that "four board members must agree on why they have reached a particular result." *Id.* In other words § 15 requires concurrence among at least four members of a five-member board in the reason for the board's decision. The board conceded that no consensus was reached and that none of the various reasons for the approval attracted the necessary four votes. There was some support for the view that the appeal should be granted because construction was not begun

---

[2]The Land Court judge did not reach the question whether the plaintiff was entitled to summary judgment on Count II annulling the board's decision and dismissing the abutters' appeal to the board. The parties have limited their arguments on appeal to the propriety of the judgment favorable to the plaintiff on Count I. Therefore, we do not address Count II except to note that there is at least surface appeal to the plaintiff's argument advanced below that, since a building permit for the construction of a foundation was issued, and construction pursuant to that permit took place, within one calendar year from November, 1987, without regard for tolling periods, the special permit's requirement that it be "exercised" within one year after it was approved, that is, that construction pursuant to a building permit be commenced within that year, was met.

on time, while others thought that the plaintiff did not proceed with due diligence. These concepts are completely different and depend on separate and distinct factual underpinnings. In such a situation there has been no consensus in the reason for the board's decision. I would therefore conclude that, where the board was unable to muster the required supermajority for the basis for its decision, it cannot set out a reason for its action as the statute requires.

The court says the reason for the board's action is that the plaintiff did not exercise the special permit by commencing construction within the time required. *Ante* at 566. This conclusion, it seems to me, overlooks the fact that one or more members agreed with that precise proposition, while others were unable to accept that premise, but believed instead that the appeal should be allowed because the plaintiff did not proceed with due diligence. In such circumstances the record of the board's proceedings does not demonstrate the reason for its decision.